# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**YOLANDA PEREZ,**

    Plaintiff,

v.                                                        Case No.  8:14-cv-926-T-30TGW

**CELLCO PARTNERSHIP**
 **d/b/a VERIZON WIRELESS,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Yolanda Perez's Motion to Remand to State Court (Dkt. 9) and Defendant Cellco Partnership's Response in Opposition (Dkt. 13).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Yolanda Perez commenced this employment action on March 20, 2014, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Perez asserts three claims under the Florida Civil Rights Act ("FCRA"): disability discrimination; failure to accommodate her disability; and retaliation based on her accommodation request.  Under each claim, Perez seeks judgment in her favor for "compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre- and post-

judgment interest, attorneys' fees and costs and such other relief as this Court deems proper." (Dkt. 2). Importantly, under "General Allegations," Plaintiff alleges: "The amount in controversy is more than $15,000 but less than $75,000." *Id.* at ¶4.

On April 17, 2014, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") timely removed the action to this Court, asserting diversity jurisdiction. The Notice of Removal contends that the parties are diverse and, contrary to Perez's allegation in her Complaint, the amount in controversy exceeds $75,000. Verizon points out that Perez's claims under the FCRA in this case are nearly identical to FMLA claims she asserted in a prior case before *this* Court (hereinafter referred to as "Perez I"). *See Yolanda Perez v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 12-cv-546-T-30TGW.

On March 13, 2012, Perez filed Perez I, asserting claims related to Verizon's failure to comply with the Family and Medical Leave Act ("FMLA"). Like the instant case, Perez sought damages related to her unlawful termination, such as back pay and front pay/reinstatement. During discovery, Perez quantified her loss of earnings; her sworn interrogatories identified her back and front pay earnings in the amount of $328,000 ($41,000 per year for 8 years, the time it would take for Perez to retire). She also quantified an additional $33,200 in 401k savings and $38,400 in pension savings that she had to cash in to support her household after her unlawful termination, as well as loss of benefits associated with her lack of health insurance after her termination in the approximate amount of $23,000.

Verizon relies on the damages Perez identified in Perez I to establish the amount in controversy in this case because Perez's FCRA claims, like the earlier FMLA claims, request damages stemming from the same adverse employment actions.[1] Essentially, Verizon argues that Perez's attempt to allege an amount of controversy that is less than $75,000 in this case is not made in good faith.

Perez now moves to remand this action to state court. Perez argues that her interrogatory answers with respect to damages in Perez I are stale because they were completed prior to Perez obtaining subsequent employment. Perez also argues that Verizon must establish the amount in controversy "to a legal certainty" in light of the fact that Perez specifically pled in the Complaint that the amount in controversy is less than the jurisdictional amount.

The Court concludes that Perez's motion should be denied. Perez's motion relies on outdated case law and an outdated standard. As discussed further, under the recent amendments to 28 U.S.C. § 1446, Verizon's Notice of Removal establishes, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See*

---

[1] On September 10, 2013, the Court granted summary judgment in Verizon's favor in Perez I. *See* Case No. 12-cv-546-T-30TGW at Dkt. 49. Perez appealed the Court's ruling and the appeal is currently pending before the Eleventh Circuit Court of Appeals.

28 U.S.C. § 1332(a). The parties do not dispute whether complete diversity of citizenship exists. When damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted).

For all cases filed after January 6, 2012, the recently amended 28 U.S.C. § 1446(c)(2) controls when the complaint makes a monetary demand. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, § 103, 125 Stat. 758, 762 (2011) (enacted December 7, 2011, and taking effect upon the expiration of the 30-day period following enactment). This section provides:

> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> **(I)** nonmonetary relief; or
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. 1446(c)(2).

If the exceptions set forth in section 1446(c)(2)(A)(I)-(ii) apply, "the newly amended § 1446 displaces previous Eleventh Circuit case law, which held that, when a state court

complaint explicitly seeks an amount of damages less than the jurisdictional amount, removal to federal court is allowed only if the removing defendant can establish to a 'legal certainty' that the amount in controversy exceeds the jurisdictional threshold." *Wilt v. Depositors Ins. Co.*, 2013 WL 6195768, at *4-*5 (M.D. Fla. Nov. 26, 2013) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)).  Importantly, the recent amendments are applicable to this case because Perez seeks nonmonetary relief in her Complaint, reinstatement, and Florida allows recovery beyond that demanded in the pleadings. *See Wilt*, 2013 WL 6195768, at *6 n. 6 (noting that "Florida law allows plaintiffs to recover damages in excess of the amount demanded in a complaint" and citing to cases regarding same). Therefore, contrary to the outdated[2] case law Perez relies upon, the "preponderance of the evidence" standard applies and the issue remains whether Verizon has shown that it is more likely than not that the amount in controversy exceeds $75,000.

A removing defendant who removes within thirty days of being served with the state court complaint is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).  In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.*

---

[2] Perez relies on cases that were decided prior to the amendments to section 1446.

In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71.  This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755.  Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770.  "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the guidelines set forth in *Roe* and *Pretka*, the Court concludes that Verizon met its burden in establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.  Perez's interrogatory answers in Perez I delineate damages that easily exceed $75,000.  Perez argues that the damages are stale because she subsequently obtained employment.  But Perez does not provide any evidence in support of her argument; she does not explain when she obtained subsequent employment, what her salary is, and the extent that the subsequent employment amends her prior damages.

Verizon points out in its response that as recent as November, 27, 2013, Perez represented to the Eleventh Circuit Court of Appeals that she is seeking $200,000 from Verizon for the actions taken during her employment. *See* Civil Appeal Statement, Dkt. 13-1.  Again, Perez does not adequately explain how that amount of damages changed to less

than the jurisdictional amount at the time that she filed the instant case. Finally, Perez also seeks damages associated with emotional distress, punitive damages, and attorneys' fees. Construing Perez's damages as a whole, in light of her sworn interrogatory answers in Perez I, her former salary at Verizon in the amount of $41,000, and her representation to the Eleventh Circuit that her damages amount to $200,000, it would defy common sense to conclude that her damages are "less than $75,000" as she avers in the instant Complaint.

It is therefore ORDERED AND ADJUDGED that Plaintiff Yolanda Perez's Motion to Remand to State Court (Dkt. 9) is denied.

**DONE** and **ORDERED** in Tampa, Florida on May 28, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-926.denyremand-first-paragraph.frm